IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § | CIVIL NO. _____ |
| MOTOCICLETTA, INC., | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, Plaintiff **Philadelphia Indemnity Insurance Company** ("Plaintiff" or "Philadelphia") files this Original Complaint for Declaratory Judgment, complaining of Defendant **Motocicletta, Inc.** ("Defendant"). Plaintiff seeks a declaratory judgment against Defendant that no coverage is owed under policy number PHPK1362101 for Defendant's property damage claim.

### I.
### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441(b), because complete diversity of citizenship exists between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper in the Northern District of Texas, Fort Worth

Division, because the Defendant's primary place of business and the real property that is the subject of this action are located in this District and Division, and the insurance policy that is also the subject of this action was delivered to the Defendant in this District and Division.

## II.
## PARTIES

2. Plaintiff is Philadelphia Indemnity Insurance Company. Plaintiff is a foreign insurance company with its principal place of business located in Bala Cynwyd, Pennsylvania. Philadelphia is duly authorized to engage in the business of insurance in the State of Texas, and does engage in such business in Texas.

3. Defendant Motocicletta, Inc. is a Texas for-profit corporation duly authorized to conduct business in Texas. Defendant does conduct business in Texas. It maintains its corporate headquarters and principal place of business in the City of Grapevine in Tarrant County, Texas. Defendant may be served with process though its registered agent, Blake L. Beckham, at 3400 Carlisle Street, Suite 550, Dallas, Texas 75204, by certified mail, return receipt requested to its registered agent for service. Plaintiff requests issuance of citation upon Defendant at this time.

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of a foreign state and Defendant is a

citizen of Texas, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. This action for a declaratory judgment is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Federal Rule of Civil Procedure 57.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and because the property that is the subject of the action is located in this district.

## IV.
### STATEMENT OF FACTS

7. Philadelphia wrote commercial property policy under number PHPK1362101 (the "Policy"), issued to Defendant, which provides property coverage for Defendant's building located at 2350 William D. Tate Avenue, Grapevine, Texas (the "Building"), for the period from July 1, 2015, to July 1, 2016. A true and correct copy of the Policy is attached as **Exhibit 1**.

8. Defendant is a motorcycle dealership that does business as DFW Honda. The insured building is a motorcycle showroom and service/repair facility.

9. On October 19, 2016, Defendant, through an agent, reported that a maintenance worker had gone onto the roof of the Building and found hail damage. The report of the claim specified an alleged date of loss of May 26, 2016.


10. Philadelphia issued to Defendant a reservation of rights letter dated November 3, 2016. A true and correct copy of the reservation of rights letter is attached as **Exhibit 2**.

11. Philadelphia investigated the claim but could not determine with any precision when the damage occurred. Philadelphia engaged a professional engineer to inspect the Building. That engineer issued a report in which he presented these conclusions:

- Hailstone impacts to the modified bitumen roof membranes at the upper and lower areas of the roof have caused sporadic isolated areas of granule loss that will cause accelerated deterioration of the underlying bitumen, relative to the surrounding areas. The impact sites at the modified bitumen were caused by hailstone impacts during storms on April 19, 2011 and/or May 24, 2011.

- The surface dents in the various metal components have resulted from hail impacts during these same storms; however, the dents alone have not diminished the functionality or remaining service life of the components.

- The intrusion of water that damaged the interior finishes of the building was the result of inadequate building maintenance and HVAC condensation and not storm created openings.

A true and correct copy of the written portion of the engineer's report is attached as **Exhibit 3**.

12. Philadelphia issued a declination letter to Defendant dated January 20, 2017. A true and correct copy of the reservation of rights letter is attached as **Exhibit 4**.

## IV.
## DECLARATORY JUDGMENT ACTION

13. Plaintiff incorporates by reference the foregoing paragraphs 1 through 12 of this complaint.

14. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration of the parties' rights and duties under the Policy, specifically as that policy relates to the property insurance claim Defendant presented to Plaintiff in October 2016.

15. The Policy, by its express terms, covers "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." *See* Ex. 1, *Building and Personal Property Coverage Form*. Philadelphia does not dispute that hail is a covered cause of loss under the Policy.

16. The Policy also contains the following provisions:

> **D. LEGAL ACTION AGAINST US**
>> a. Except as provided in Paragraph b., no one may bring a legal action against us under this Coverage Part unless:
>>> (1) There has been full compliance with all of the terms of the Coverage Part; and
>>> (2) The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.
>> b. With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:
>>> (1) There has been full compliance with all of the terms of the Coverage Part; and

> (2) The action is brought within the earlier of the following:
>
> > (a) Two years and one day from the date we accept or reject the claim; or
> >
> > (b) Three years and one day from the date of the loss or damage that is the subject of the claim.
>
> **H. POLICY PERIOD, COVERAGE TERRITORY**
>
> Under this Coverage Part:
>
> 1. We cover loss or damage commencing
>
> > a. During the policy period shown in the Declarations....

See Ex. 1, *Commercial Property Conditions* endorsement (form CP 00 90 07 88), as modified by *Texas Changes* endorsement (form CP 01 42 03 12).

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.
>
> **3. Duties In The Event Of Loss Or Damage**
>
> > a. You must see that the following are done in the event of loss or damage to Covered Property:
> >
> > > (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
> > >
> > > (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
> > >
> > > (4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. . . . This will not increase the Limit of Insurance.

See Ex. 1, *Building and Personal Property Coverage Form* (form CP 00 10 10 00), as modified by *Texas Changes* endorsement (form CP 01 42 01 11):

> **B. Exclusions**
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> > d. (1) Wear and tear;

---

      f. Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

      m. Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      c. Faulty, inadequate or defective:

          (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

          (3) Materials used in repair, construction, renovation or remodeling, or

          (4) Maintenance;

      of part or all of any property on or off the described premises.

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

      c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

          (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

          (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

*See* Ex. 1, *Causes of Loss – Special Form* (form CP 10 30 10 00).

17. Weather information shows that the area where the Building is located was affected by numerous storms containing large hail before Philadelphia ever issued a property insurance policy to Defendant. Philadelphia is prejudiced because it cannot determine, and Defendant cannot show, that the claimed damage resulted from a covered peril. More specifically, Defendant has provided no evidence segregating the damage attributable to hail on May 26, 2016, if any, from damage attributable to various other storms documented as occurring outside of the policy period in the years before the Policy was in effect. As a result, Philadelphia is prejudiced because it cannot determine whether the damage occurred before or during the policy period. This conforms to Texas law: If any of Defendant's damages occurred during the policy period and other damages occurred before Philadelphia issued any property insurance coverage to Defendant for the Building, Defendant bears the burden of segregating the damages which occurred during the policy period. Defendant also cannot show, as required by the Policy, what damage commenced during the policy period.

18. Moreover, Defendant breached the notice condition in the Policy because it failed to report damage, which allegedly occurred on May 26, 2016, until nearly five months later, on October 19, 2016. The late notice prejudiced Philadelphia because it was prevented from assigning a claims adjuster to contemporaneously investigate, observe and advise Philadelphia regarding the damage as it existed just after the claimed hail event. On information and belief, the condition of the roof changed significantly between the time of the alleged hail

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**                                                                         PAGE 8
5553018 v1 (55220.00264.000)

storm and the date Defendant provided notice, making investigation of the existence and extent of damage resulting from a May 2016 hail storm, if any, as well as the extent of preexisting damage, nearly impossible.

19. Philadelphia is filing this lawsuit to seek a judicial determination that it does not owe any duty to indemnify Motocicletta under the Policy for the property damage that reportedly occurred in May 2016. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Philadelphia petitions the Court for a judgment declaring that Philadelphia has no duty to indemnify Motocicletta against the property insurance claim arising from the physical damage to any buildings at 2350 William D. Tate Ave., Grapevine, Texas.

## V.
### ATTORNEY'S FEES

20. Philadelphia incorporates by reference paragraphs 1-19 of this complaint.

21. Philadelphia requests recovery of its attorneys' fees and costs. 28 U.S.C. § 2202; Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001.

### PRAYER

22. For the foregoing reasons, Philadelphia Indemnity Insurance Company asks for a judgment against Defendant Motocicletta, Inc. declaring that there is no coverage under policy number PHPK1362101 for the hail damage that reportedly damaged such Defendant's building in May 2016. Plaintiff also prays for the

recovery of reasonable attorneys' fees and costs of court, and all other relief the Court deems appropriate.

Dated: August 24, 2017

Respectfully submitted,

/s/ William R. Pilat
William R. Pilat
Texas Bar No. 00788205
Admitted in Northern District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700
Email: wpilat@krcl.com

OF COUNSEL:

Bradford T. Smith
Texas Bar No. 24070634
KANE RUSSELL COLEMAN LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214-777-4200
Facsimile: 214-777-4299
Email: bsmith@krcl.com